# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ANTHONY LEGGIERE, an individual,

    Plaintiff

v.

ABS FACILITY SERVICES INC., a domestic corporation,

    Defendant

Case No.: 2:19-cv-00843-APG-DJA

**Order Granting Motion for Default Judgment**

[ECF No. 8]

Plaintiff Anthony Leggiere moves for default judgment against defendant ABS Facility Services Inc. ECF Doc. 8. ABS has not appeared in the case or opposed the motion for default judgment. I finds as follows:

## **FINDINGS OF FACT**

1. Leggiere is a Caucasian male.
2. Leggiere was employed by defendant ABS Facility Services Inc. as an Installer from October 20, 2017 to August 9, 2018.
3. None of the employees of ABS complained about the quality of Leggiere's work.
4. While working for ABS, Leggiere's supervisor was Rodrigo Puentes, who is Hispanic.
5. On multiple occasions, Puentes called Leggiere a "white piece of trash." Puentes did not call the Hispanic employees derogatory names.
6. On multiple occasions, Puentes told Leggiere that if Leggiere did not buy lunch for Puentes, Puentes would not put Leggiere on the schedule to work the next day. Puentes did not demand Hispanic employees buy him lunch.
7. In June 2018, Leggiere was operating a forklift while working for ABS when Puentes spit on Leggiere.

8. On a particular day in July 2018, Leggiere had been working over 20 hours in a single shift and was putting together furniture as part of his employment with ABS. Leggiere was laying on his back to put together the furniture and Puentes spit on Leggiere's face.

9. On July 29, 2018, Leggiere notified ABS's President, Brandon Bowyer, about Puentes' actions.

10. Before ABS investigated or took any action related to Leggiere's discrimination complaint, Leggiere was called a "snitch" by Puentes and other co-workers.

11. On Thursday, August 2, 2018, Leggiere informed Bowyer that he was considering quitting because of the harassment he was subjected to at work.

12. Bowyer responded that he did not want to fire Leggiere because he liked Leggiere, but that if Leggiere wanted to quit, it was his choice.

13. On Friday, August 3, 2018, Leggiere texted Bowyer that he did not want to quit working for ABS.

14. Bowyer texted Leggiere: "You and I will sit down again 1st on Tuesday [August 7, 2018] 10am and figure everything out."

15. On August 7, 2018, Bowyer rescheduled the meeting with Leggiere to Wednesday, August 8, 2018.

16. On August 8, 2018, Bowyer told Leggiere that Bowyer would call Leggiere on Thursday, August 9, 2018 to tell Leggiere whether or not he still worked for Defendant.

17. On Thursday, August 9, 2018, Bowyer called Leggiere and told Leggiere that ABS is "going in a different direction." To Leggiere, this meant that he was fired from ABS.

18. Leggiere filed the Complaint in this case on May 17, 2019. ECF Doc. 1.

19. Leggiere's Complaint asserts causes of action for: (1) Title VII – Retaliation, (2) Title VII – Discrimination, (3) Discrimination of the basis of Race in Violation of NRS 613.330, (4) Violation of NRS 608.018, and (5) Battery.

20. A Summons to ABS Facility Services Inc. was issued on May 17, 2019. ECF Doc. 4.

21. The Summons and Complaint were served on ABS's registered agent, Stone & Associates, Inc., on May 29, 2019. ECF Doc. 5.

22. Despite being served with the Summons and Complaint, no answer or other responsive pleading has been filed by ABS as of the hearing on Leggiere's Motion for Entry of Default Judgment.

23. On June 27, 2019, the Clerk of Court entered a default against ABS. ECF No. 7.

## CONCLUSIONS OF LAW

Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the Complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. CA 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims;

3

(3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

Leggiere has satisfied the procedural requirements for default judgment. The clerk has entered default against ABS. ECF No. 7. ABS has not appeared in this case. Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether Leggiere will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. CA 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). ABS has failed to defend this lawsuit. If default judgment is not entered, Leggiere will be unable to pursue its claims against ABS. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. Leggiere's Complaint sufficiently pleads that Leggiere engaged in protected activities when he reported the harassment imposed on him by Puentes, and ABS subsequently engaged in retaliation and adverse employment actions by discharging Leggiere. A causal link exists between Leggiere's protected activity and his discharge based upon the close proximity in time between those two events. The Complaint also sufficiently pleads that Leggiere belongs to a protected class under race, he was qualified for his position and performed his job requirements satisfactorily, he was fired as a response for reporting Puentes' harassment and discrimination, ABS treated Leggiere less favorably than similarly situated

4

employees who are not Caucasian, and other non-Caucasian workers in Leggiere's position were not subjected to demeaning racial comments and discrimination. ECF No. 1. Thus, the second and third *Eitel* factors weigh in favor of entry of default judgment. Thus, the second and third *Eitel* factors weigh in favor of entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176. Leggiere requests $100,000 in damages plus his attorney's fees and costs. That amount is not extraordinary and is proportional to the defendant's actions and the harm caused.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is a low possibility of dispute concerning material facts because Leggiere presented a video and text messages confirming Puentes' statements and ABS's responses. Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. ABS appears to be a sophisticated, multi-state entity. It was served with the Complaint but did not appear in this case. There is no evidence that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate"

for the district court to enter default judgment against a corporation that failed to appear in the action). Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But ABS's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these circumstances, default judgment is warranted.

The *Eitel* factors weigh in favor of granting default judgment against ABS in favor of Leggiere.

A prevailing party in a Title VII action may recover "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000e–5(k). The fee award is discretionary. Leggiere has supported his fee request with appropriate documentation and justification. I award him $5,637.50 in fees and $550.20 in costs.

## ORDER AND JUDGMENT

IT IS HEREBY ORDERED that Leggiere's Motion for Entry of Default Judgment **(ECF Doc. 8) is GRANTED.**

IT IS FURTHER ORDERED that Leggiere is awarded general damages in the amount of $100,000.00 on his causes of action for: (1) Title VII – Retaliation, (2) Title VII – Discrimination, and (3) Discrimination of the basis of Race in Violation of NRS 613.330.

IT IS FURTHER ORDERED that Leggiere's causes of action for (4) Violation of NRS § 608.018 and (5) Battery are withdrawn without prejudice.

IT IS FURTHER ORDERED that Leggiere is awarded $5,637.50 in attorney's fees and $550.20 in costs.

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment in favor of plaintiff Anthony Leggiere against defendant ABS Facility Services Inc. in the amount of $106,187.70 with interest accruing at the legal rate from the date of entry of this Order and Judgment.

DATED this 16th day of August, 2019.

_____
DISTRICT COURT JUDGE